UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDRA ADKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:11CV1172RWS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on a Report and Recommendation to deny the relief sought by Plaintiff in her Complaint. Plaintiff's Complaint seeks judicial review of the final decision of Michael J. Astrue denying Plaintiff's application for Disability Insurance Benefits. This matter was referred to United States Magistrate Judge Frederick R. Buckles for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

Judge Buckles issued a Report and Recommendation on June 15, 2012 that recommended that the relief sought by Plaintiff be denied [#28].

Plaintiff filed four objections to Judge Buckles Report and Recommendation. Defendant filed a response addressing Plaintiff's objections. Each objection is addressed below.

In her first objection, Plaintiff argues the Magistrate Judge did not hold the ALR to the proper legal standard regarding the analysis of exertional limitations arising from Plaintiff's physical impairments when the ALJ analyzed Plaintiff's RFC. Plaintiff argues the ALJ improperly failed to include additional limitations that were supported by the record and failed to sufficiently cite medical evidence support his RFC determination.

I find that the Magistrate Judge applied the proper legal standard regarding ALJ's analysis

of Plaintiff's RFC and properly recommended that the ALJ properly analyzed all of the medical information of the record.  The ALJ must assess a claimant's RFC based upon all relevant, credible evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own description of her symptoms and limitations. 20 C.F.R. § 404.1545(a); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995.  The ALJ exhaustively considered all of the relevant medical evidence and record and fully explained how the evidence informed his decision.  Contrary to Plaintiff's argument, the ALJ analyzed the opinion evidence and treatment records of Dr. Patel and properly explained the reason for the weight given to Dr. Patel's opinion evidence.  I find that the Magistrate Judge properly recommended that Plaintiff failed to meet her burden of establishing a more restrictive residual functional capacity as of March 31, 2005.  Plaintiff's first objection is denied.

In her second and third objections, the Plaintiff argues that the Magistrate Judge did not hold the ALJ to the proper legal standard regarding the analysis of nonexertional limitations arising from Plaintiff's mental impairments and the weighing of opinion evidence.  After carefully reviewing the record, I find that the Magistrate Judge applied the proper legal standards and correctly recommended that the ALJ properly considered the opinion evidence of the record, including Dr. Rao's October 2008 source statement and Dr. Schuler's October 25, 2009 source statement.  Plaintiff's second and third objections are denied.

Finally, Plaintiff argues the Magistrate Judge did not hold the ALJ to the proper legal standard regarding the assessment of Plaintiff's credibility because the ALJ failed to sufficiently address the credibility factors and the ALJ summarily rejected Plaintiff's credibility.  An ALJ's credibility determination is entitled to deference when it is explained in the decision and supported by the record.  Vossen v. Astrue, 612 F.3d 1011, 1017 (8th Cir. 2010).  Here, the

Magistrate Judge properly recommended that the ALJ's credibility determination was fully supported by the record and explained.  The Plaintiff's fourth objection is denied.

After careful consideration, I will adopt and sustain the thorough reasoning of Magistrate Judge Frederick R. Buckles set forth in support of his recommended ruling in the Report and Recommendation of June 15, 2012 and will deny the relief sought by Plaintiff in her Complaint.   Accordingly,

**IT IS HEREBY ORDERED that** the Report and Recommendation of the United States Magistrate Judge Buckles is **SUSTAINED, ADOPTED AND INCORPORATED** herein.

**IT IS FURTHER ORDERED that** the relief sought by Plaintiff in her Complaint [#1] is **DENIED**.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                                                                                 _____
                                                                                                 RODNEY W. SIPPEL
                                                                                                 UNITED STATES DISTRICT JUDGE

Dated this 17th day of September, 2012.